POLEN, J.
On appeal, Former Wife challenges several aspects of the final judgment of dissolution of this short-term marriage. Of the many issues she raises, we reverse on two and affirm the rest.
The parties agreed that Former Wife would be designated as the primary residential custodial parent of their minor child. Former Wife, however, sought to relocate to California. After entertaining testimony that she continually frustrated Former Husband’s efforts to have contact with and access to the child during the pendency of the proceedings, and that relocation would thwart the child’s stability and development, the court denied her request. We affirm the court’s discretion in this regard. See § 61.13(2)(d), Fla. Stat. (1999).
However, the court also restricted Former Wife to residing in the northern part of Palm Beach County north of 45th Street. We hold this geographical restriction was too narrow and, thus, reverse for further consideration.
We also reverse the final judgment to the extent that it gives Former Husband unbridled discretion to dictate the dates, times, and extent of his contact with and access to the child. In reversing, we recognize the court’s concern that the Former Wife hindered Former Husband’s efforts to see the child during litigation and believe it was appropriate for the trial court to take remedial measures. However, giving Former Husband the sole discretion to determine his contact with and access to the child is unreasonable and will only generate future litigation between the parties. We, therefore, remand the case so that the court may establish specific guidelines for the Former Husband’s contact and access.
As to the remaining issues on appeal, we affirm as unpersuasive.
*621 AFFIRMED in part; REVERSED in part and REMANDED.
STEVENSON and TAYLOR, JJ., concur.